[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT GUSTAVO MONTOYA'SMOTION FOR SUMMARY JUDGMENT
This case arises out of a two vehicle collision resulting in the death of one passenger and personal injuries to two passengers, all three being occupants of one of the vehicles. The fiduciary of the estate of the deceased person and the two injured persons have all settled and released any claims they may have as against the operator of the vehicle in which they were passengers, and all have brought this suit against the operator and owner of the other vehicle involved in the accident.
The named defendants then cited in the settled and released operator (apportionment defendant), as an additional defendant, for apportionment purposes only, pursuant to C.G.S. §52-572h. The apportionment complaint seeks no relief from the apportionment defendant, nor does it seek any order of any type as against that defendant. The apportionment defendant has now moved for summary judgment on the apportionment complaint, claiming that under the statute, § 52-572h, and the cases interpreting that statute, that a settled and released person cannot be made a defendant for apportionment purposes. CT Page 13399
The court does not agree. While some of the cases indicate that the filing of an apportionment complaint is not mandatory in a situation where the apportionment defendant is a settled and released person, none of the persuasive cases hold that such a complaint cannot be filed. See Donner v. Kearse, 234 Conn. 660
(1995); Bradford v. Herzig, 33 Conn. App. 714 (1994).
If a named defendant wishes to claim, pursuant to § 52-572h, that a settled or released person, not now a defendant, was responsible for some percentage of negligence in causing the plaintiffs' damages, and therefore, that any damages that may be awarded to the plaintiffs as against the named defendant should be reduced by that percentage, it would seem to the court that an appropriate procedure would be for the named defendant to file an apportionment complaint or statement making such a claim. The result of such a filing will be to advise the court that such a claim will be made and the basis of the claim, and, in particular, to alert the plaintiffs so that they can prepare to defend against the effort to reduce their monetary awards.
The court can see no prejudice to the apportionment defendant by the filing of the apportionment complaint. Even though he has chosen to involve himself in this case, there is no legal compulsion to do so.
While there are no genuine issues of material fact in dispute, the court finds, as a matter of law, that the named defendants are not precluded from filing the apportionment complaint.
The motion for summary judgment is denied.
Hadden, J.